IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>JAMES D. CUNNINGHAM,<br><br>    Debtor. | Case No. 18-59411<br>Chapter 13 |
| JAMES D. CUNNINGHAM,<br><br>    Plaintiff,<br>v.<br><br>HON BERRYL A. ANDERSON, in her personal and professional capacity, HON BARBARA ELLIS-MONRO, in her personal and professional capacity, MARY IDA TOWNSON, in her personal and professional capacity, 5 J. DOE COURT EMPLOYEES, OKSANA SEPICH, NAJARIAN CAPITAL, LLC, FREEDOM MORTGAGE CORP., and RUBIN LUBLIN, LLC,<br><br>    Defendants. | Adversary No. 18-05260 |

## FREEDOM MORTGAGE CORPORATION AND RUBIN LUBLIN, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

COMES NOW, Freedom Mortgage Corporation and Rubin Lublin, LLC ("Freedom" and "Rubin Lublin" individually, "Defendants" collectively), named defendants in the above styled action, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and file their Brief in Support of their Motion to Dismiss. For the reasons set forth below, Defendants respectfully submit that not only does the Adversary fail to state a claim, the Court should dismiss for lack of jurisdiction as the bankruptcy is closed.

## STATEMENT OF FACTS

In this adversary proceeding, James D. Cunningham (the "Plaintiff") filed an Amended Complaint that, quite simply, is not a "short and plain statement showing that the pleader is entitled to relief." *See* [Doc. 3]. The Amended Complaint reads like a rambling story related to the property at 4313 Executive Drive, Stone Mountain, GA 30093. *See id.* at p. 6. After reading through much of the irrelevant story, one can find the core of the Plaintiff's complaint – he believes that a foreclosure sale of the Property violated the automatic stay. *Id.* at p. 7. On page 7 of the Amended Complaint, the Plaintiff alleged that he held a lease to the Property, that Rubin Lublin knew about the lease and the Plaintiff's filing of bankruptcy, but that Rubin Lublin and Freedom proceeded with a foreclosure sale anyway. *Id.*

A much clearer recitation of the operative facts can be found in an Order entered in the main bankruptcy case, No. 18-59411-bem. *See* [Bk. Doc. 38] (the "Validation Order"). In the main bankruptcy, Freedom filed a Motion to Validate Foreclosure Sale, related to a sale of the Property. *See* [Bk. Doc. 25]. The Motion to Validate sought an order from this Court that the Property was not part of the bankruptcy estate, and therefore the automatic stay did not serve to void a foreclosure sale conduced at 11:34am on June 5, 2018. *Id.* Such an order was necessary because the Debtor believed that he has an interest in the Property through the granting of a power of attorney by the then-owner, Joshua Gerald Crowe. *Id.*

This Court granted the Motion to Validate, holding that "the Property did not enter Debtor's estate when this case was filed on June 5 and that, therefore, the Property was not protected from foreclosure by the automatic stay." [Bk. Doc. 38] at p. 3. This Court also announced an alternative basis for granting the Motion to Validate. The alternative basis was that, even if the Debtor had some interest in the Property that could bring it under the protections

of the automatic stay, the Court would annul the automatic stay so that the foreclosure sale would be effective. *Id.* at p. 7. Because the automatic stay did not apply to the foreclosure sale, it follows that the Debtor has failed to state a claim upon which relief can be granted, and the adversary must be dismissed.

Shortly after entry of the Validation Order, this Court entered an order dismissing the main bankruptcy case on August 27, 2018. [Bk. Doc. 40]. The instant adversary proceeding was filed on October 15, 2018 – long after the dismissal was entered. The Plaintiff has never moved to reopen the main bankruptcy case.

## ARGUMENT AND CITATION TO AUTHORITY

A) STANDARD OF REVIEW

1. **Fed R. Civ. P. 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) can take two forms – a facial attack and factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A Facial Attack on the Complaint merely requires that the court look and see if the Plaintiff has "sufficiently alleged a basis of subject matter jurisdiction" and thereafter the allegations in the Complaint are taken as true for the purposes of the Motion. *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). However, in a Factual Attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims" because, the issue is the trial court's jurisdiction and "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981)).

In evaluating an attack on subject matter jurisdiction, "[t]he plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence." *Kennedy v. Miss. Dept. of Revenue (In re Kennedy)*, 529 B.R. 345, 349 (Bankr. N.D. Ga. 2015).

### 2. Fed R. Civ. P. 12(b)(6)

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a 12(b)(6) Motion, a complaint is analyzed to see if it states a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, where the facts as alleged do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief under Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because a 12(b)(6) Motion is a defense that the Complaint fails on its face, "it is generally true that the scope of the review must be limited to the four corners of the complaint." *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371,

1379 (11th Cir. 2010). However, a court may take judicial notice of its own records or of those of inferior courts. *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 (5th Cir. 1981); *United States v. Rey*, 811 F.2d 1453, 1457 (11th Cir. 1987); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1990) (permitting consideration of public records at the motion to dismiss stage).

### B) The Plaintiff has failed to show that this Court has subject matter jurisdiction.

Bankruptcy courts are courts of limited jurisdiction under 28 U.S.C. §§ 1334(b) and 157(a). *In re Kennedy*, 529 B.R. 345, 349 (Bankr. N.D. Ga. 2015). Under 28 U.S.C. § 1334(b), bankruptcy jurisdiction extends to civil proceedings arising under Title 11 or proceedings arising in or related to a case under Title 11. During the administration of a bankruptcy estate, Bankruptcy courts may hear two types of proceedings: 1) core proceedings, cases arising under Title 11 or arising in a Title 11 Case; and 2) non-core proceedings, non-bankruptcy claims related to a Title 11 Case and affecting administration of the estate. *Wortley v. Bakst*, 844 F.3d 1313, 1317–18 (11th Cir. 2017); 28 U.S.C. § 157. The Bankruptcy Court's jurisdiction must be based on the "arising under," "arising in," or "related to" language of §§ 1334(b) and 157(a). *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). "[I]f a case does not fit in either category, the bankruptcy court cannot hear the case at all." *Wortley v. Bakst*, 844 F.3d 1313, 1317–18 (11th Cir. 2017). "The plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence." *In re Kennedy*, 529 B.R. 345, 349 (Bankr. N.D. Ga. 2015).

Plaintiff asserts that this case is a core proceeding. [Doc. 3] at pp. 1-2. "Core proceedings are narrow in scope, and include only those cases that implicate the property of the bankruptcy estate and either invoke substantive rights created by federal bankruptcy law or that exist exclusively in the bankruptcy context." *Wortley v. Bakst*, 844 F.3d 1313, 1318 (11th Cir. 2017);

citing *Cont'l Natl. Bank v. Sanchez* (*In re Toledo*), 170 F.3d 1340, 1347–48 (11th Cir. 1999). However, Plaintiff's bankruptcy was dismissed on August 27, 2018. Docket Nos. 40 & 40-1. Logically, these claims cannot implicate property of the estate or exist exclusively in the bankruptcy context, because there is no active bankruptcy. Therefore, the claims do not arise in or relate to a case under Title 11, because there is no bankruptcy. Further, none of the claims invoke substantive rights created by Title 1. *See* [Doc. 1].

As explained above, for this Court to have jurisdiction under 28 U.S.C. § 157(a), the claims must either: arise in or related to an existing case brought under Title 11; or the claims must arise under Title 11. 28 U.S.C. § 157(a). Plaintiff claims Defendants violated the automatic stay and violated theft, conversion, and Georgia land laws. Docket No. 1, p. 7. Against the remaining defendants, Plaintiff alleges various acts he perceives as negligence and violations of due process. *See* Docket No. 1, pp. 7-12. As set forth in more detail below, a Court of competent jurisdiction has already ruled on the stay claim. Therefore, the only remaining claims against Rubin Lublin involve various tort and constitutional rights claims. As these claims do not involve a substantive right under Title 11 and cannot arise in or relate to a case under Title 11 when the Bankruptcy has been dismissed, Plaintiff has failed sufficiently alleged a basis of subject matter jurisdiction.

Defendants respectfully submit that the Adversary Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**C) The Plaintiff has failed to state a claim upon which relief may be granted.**

The entirety of Plaintiff's claim against Defendants revolves around the foreclosure sale of the Property. Plaintiff claims that this sale violated the automatic stay and Georgia law. Docket No. 1, p. 7. However, as noted above, this Court previously ruled that was not the case.

Therefore, Plaintiff's claim that Defendants violated the automatic stay is barred by claim preclusion. "[A] final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was … raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001); See*, e.g., Allen v. McCurry,* 449 U.S. 90, 94 (1980). This claim easily meets the requirements of res judicata.

While Plaintiff's bankruptcy was open, Freedom filed a Motion to Validate Sale stating that the Property was not part of the Bankruptcy Estate. [Bk. Docs 24, 25]. On August 22, 2018, this Court entered an Order Granting the Motion to Validate Foreclosure Sale and finding that "the Property did not enter Debtor's estate when this case was filed on June 5 and that, [] the Property was not protected from foreclosure by the automatic stay." [Bk. Doc. 38].

In the Eleventh Circuit, the four initial elements are: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001); *See Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir.1992); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir.1990). First, the prior decision was rendered by a court of competent jurisdiction as it was rendered by this Court, occurred during the pendency of the Bankruptcy, and implicated property Debtor listed as property of the bankruptcy estate. Second, the Order was a final judgment on the merits. *In Re Cunningham*, Case No. 18-5223, Docket No. 38. Lastly, the Plaintiff is asserting the same argument against the same parties as he previously alleged in his Response to Freedom's Motion. *In Re Cunningham*, Case No. 18-5223, Docket No. 28. Therefore, the cases involve the same parties and causes of action.

Res judicata may be raised in a Rule 12(b)(6) motion to dismiss where the existence of the defense can be determined from the face of the complaint. *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). The Amended Complaint references the previous bankruptcy and the order from the Court. Further, a court may review its own records to establish the same action has already been dismissed. *Solis v. Glob. Acceptance Credit Co., L.P.*, 601 Fed. Appx. 767, 771 (11th Cir. 2015). A review of the main bankruptcy case clearly shows that the issue of the automatic stay has already been adjudicated by a court of competent jurisdiction between these parties. Defendants respectfully submit that this case should be dismissed as to Defendants Freedom and Rubin Lublin pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## **CONCLUSION**

Based on the foregoing, Freedom and Rubin Lublin respectfully request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 13th day of November 2018.

*/s/ Bret J. Chaness*
Bret J. Chaness (Georgia Bar No. 720572)
Kearstin H. Sale (Georgia Bar No. 650510)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
ksale@rubinlublin.com
bchaness@rubinlublin.com
*Attorneys for Freedom Mortgage Corporation and Rubin Lublin, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 13th day of November 2018, caused a true and correct copy of the within and foregoing to be served via U.S. First Class mail to the following:

James D. Cunningham
4313 Executive Drive
Stone Mountain, GA 30083

*/s/ Bret J. Chaness*
Bret J. Chaness (Georgia Bar No. 720572)