

**IT IS ORDERED as set forth below:**

**Date: July 23, 2019**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In re: | |
| **JAMES DANIEL CUNNINGHAM,** | **CASE NO. 18-59411-BEM** |
| Debtor. | CHAPTER 13 |
| | |
| **JAMES DANIEL CUNNINGHAM,** | |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING |
| | NO. **18-5260** |
| **HON. BERRYL A. ANDERSON,** in her personal and professional capacity, **HON. BARBARA ELLIS-MONRO,** in her personal and professional capacity, **MARY IDA TOWNSON,** in her personal and professional capacity, **5 J. DOE COURT EMPLOYEES, OKSANA SEPICH, NAJARIAN CAPITAL, LLC, FREEDOM MORTGAGE CORP., RUBIN LUBLIN, LLC, and DEKALB COUNTY, GA.,** | |
| Defendants. | |

**ORDER (I) GRANTING MOTION TO RESUME CASE,
(II) GRANTING FREEDOM MORTGAGE CORP. AND RUBIN LUBLIN, LLC'S
MOTION TO DISMISS, (III) RESUMING ADVERSARY PROCEEDING AS TO
NAJARIAN CAPITAL, LLC AND OKSANA SEPICH, AND (IV) GRANTING
NAJARIAN CAPITAL, LLC AND OKSANA SEPICH'S MOTION TO DISMISS**

Before the Court is *Freedom Mortgage Corporation and Rubin Lublin, LLC's Notice of Appeal Dismissal and Motion to Resume Case* filed by Freedom Mortgage Corporation and Rubin Lublin, LLC (the "Freedom Mortgage and Rubin Lublin Movants") on June 11, 2019 (Docket No. 49)(the "Motion to Resume Case"), *Freedom Mortgage Corporation and Rubin Lublin, LLC's Motion to Dismiss* filed on November 13, 2018 (Docket No. 10)(the "Freedom Mortgage and Rubin Lublin Motion to Dismiss"), and the *Debtor-Plaintiff's Response and Motion to Deny Defendants' Motions to Dismiss* filed by the Plaintiff-Debtor named above (the "Debtor") on January 22, 2019 (Docket No. 27)(the "Debtor's Response") in opposition to the Motion to Dismiss.[1]  Previously, the Court held the Freedom Mortgage and Rubin Lublin Motion to Dismiss in abeyance and stayed this matter as to the Freedom Mortgage and Rubin Lublin Movants in its *Order (I) Granting Motions to Dismiss of Defendants (A) The Hon. Barbara Ellis-Monro; (B) DeKalb County, Georgia, The Hon. Berryl A. Anderson, and The Hon. Phyllis R. Williams; and (C) The Chapter 13 Trustee, (II) Holding Motion to Dismiss of Freedom Mortgage Corp. and*

---

[1] The Debtor commenced this Adversary Proceeding by filing an eight page Complaint on October 15, 2018 (Docket No. 1)(the "Complaint").   That Complaint was amended and replaced *in toto* by the filing of a twelve page pleading on October 19, 2018 styled *Amended 28 U.S.C. Title 11 Complaint for Violation of and Interference with Core Bankruptcy Proceeding, Color of Law, Color of Office, Collusion, Conspiracy, Intentional Infliction of Emotional Distress, Sanctions, Section 105 Relief, Theft, Georgia Land Laws, Discovery, Quiet Title, Contempt, Injunctive Relief, Punitive [sic] Damages, Declaratory Judgment, 42 USC 1983, Negligence*. See Docket No. 3 (the "Amended Complaint"). The allegations in the Amended Complaint stem from a foreclosure sale conducted by Freedom Mortgage Corp. regarding certain real property located at 4313 Executive Drive, Stone Mountain, Georgia on June 5, 2018 at 11:34 a.m. (the "Foreclosure Sale").

2

*Rubin Lublin, LLC in Abeyance Pending Appeal and (III) Staying Adversary Proceeding as to Freedom Mortgage Corp. and Rubin Lublin, LLC Pending Appeal* entered on April 23, 2019 (Docket No. 41)(the "Order Staying Proceeding as to Freedom Mortgage and Rubin Lublin")[2] pending resolution of an appeal filed by the Debtor with regard to the *Order Denying Motion to Amend Judgment* entered by the Bankruptcy Court on November 9, 2018 in Case No. 18-59411-BEM (the "Main Bankruptcy Case")(Main Case Docket No. 59).  *See* Main Case Docket No. 62; Case No. 18-cv-5274-TWT, United States District Court for the Northern District of Georgia (the "Appeal").  In the Motion to Resume Case, the Freedom Mortgage and Rubin Lublin Movants assert that the Appeal has now been dismissed and the Order entered by the Bankruptcy Court on November 9, 2018 has been affirmed.

On review of this Court's Docket and the District Court Docket, the Freedom Mortgage and Rubin Lublin Movants are correct regarding the status of the Appeal.  The District Court entered its Order and Judgment on June 5, 2019 and June 6, 2019, respectively, (the "District Court Order and Judgment") dismissing the Appeal and affirming the Bankruptcy Court's Order of November 9, 2018.  An Amended Judgment was entered on June 18, 2019 correcting the spelling of the name of the appellee Mary Ida Townson, Chapter 13 Trustee.  Further, the District Court Order and Judgment, and Amended Judgment, have not been the subject of a timely appeal and are now final.  There has also been no response to the Motion to Resume Case to date.[3]

---

[2] *See also Order Denying Freedom Mortgage Corporation and Rubin Lublin, LLC's Motion to Reconsider Decision Holding Motion to Dismiss in Abeyance*, entered on May 17, 2019 (Docket No. 44).

[3] Pursuant to Bankruptcy Local Rule 7007-1(c), the Motion to Resume Case is thus deemed unopposed.

Also pending before the Court is *Najarian Capital LLC and Oksana Sepich's Motion to Dismiss* filed on March 15, 2019 (Docket No. 36)(collectively, with the attached brief in support, the "Najarian Capital and Sepich Motion to Dismiss"), filed by Najarian Capital, LLC and Oksana Sepich (the "Najarian Capital and Sepich Movants"), and *Debtor-Plaintiff's Response and Motion to Deny Defendants Najarian Capital, LLC and Oksana Sepich's Motion to Dismiss* filed on April 1, 2019 (Docket No. 38)(the "Debtor's Response and Motion to Deny Motion to Dismiss").  The Court also held the Najarian Capital and Sepich Motion to Dismiss in abeyance and stayed this matter as to the Najarian Capital and Sepich Movants in its *Order (I) Denying Motion of Debtor-Plaintiff to Deny Defendants' Motion to File Out of Time Motion to Dismiss, (II) Denying Debtor-Plaintiff's Motion for Default Judgment Against Najarian Capital, LLC and Oksana Sepich, (III) Holding Motion of Defendants Najarian Capital, LLC and Oksana Sepich to Dismiss Complaint of Debtor-Plaintiff in Abeyance Pending Appeal, and (IV) Staying Adversary Proceeding as to Najarian Capital, LLC and Oksana Sepich Pending Appeal* entered on May 24, 2019 (Docket No. 47)(the "Order Staying Proceeding as to Najarian Capital and Sepich").  The Najarian Capital and Sepich Motion to Dismiss was held in abeyance pending the resolution of the Appeal.

In both the Order Staying Proceeding as to Freedom Mortgage and Rubin Lublin as well as the Order Staying Proceeding as to Najarian Capital and Sepich (collectively, the "Orders Staying Proceeding"), this Court had concluded, among other things, that although the Debtor's Main Bankruptcy Case had been dismissed prior to the filing of the Debtor's Complaint that initiated this Adversary Proceeding, retention of jurisdiction could still be warranted since the Debtor alleged that the Freedom Mortgage and Rubin Lublin Movants and the Najarian Capital and Sepich Movants (collectively, the "Movants") violated the automatic stay provided under the

Bankruptcy Code in connection with the Foreclosure Sale and/or subsequent effort to dispossess the Debtor from his residence. As further noted in the Orders Staying Proceeding, the Docket in the Main Bankruptcy Case reflects that the Debtor filed several motions to amend an *Order Granting Motion to Validate Foreclosure Sale* entered on August 22, 2018 (Main Case Docket No. 38)(the "Validation Order"), all of which were denied (Main Case Docket Nos. 43, 50, 54, and 59). Although the Validation Order determined the stay violation issue in Movants' favor, the finality of the Validation Order had been placed in sufficient doubt by the Appeal to hold the Freedom Mortgage and Rubin Lublin Motion to Dismiss and the Najarian Capital and Sepich Motion to Dismiss in abeyance and to stay this matter as to the Movants pending final resolution of the Appeal. Now that the Appeal has become final, the Court can address the remaining issues in this Adversary Proceeding as to the Movants.

In the Freedom Mortgage and Rubin Lublin Motion to Dismiss, Movants seek dismissal of the Amended Complaint on grounds including lack of subject matter jurisdiction and failure to state a plausible claim for relief.[4] As discussed in the Orders Staying Proceeding, bankruptcy court jurisdiction is limited as defined by statute and established as of the commencement of the bankruptcy case. The Court has already found that because the Main Bankruptcy Case had been dismissed when the Debtor filed the Complaint, there was no pending bankruptcy case, no bankruptcy estate in existence, and no confirmed plan being administered. Therefore, the claims

---

[4] In their Brief in support of their Motion to Dismiss (Adversary Docket No. 36, Part 2), Najarian Capital and Sepich adopted and incorporated the arguments of Freedom Mortgage and Rubin Lublin as set forth in their respective Brief in Support of their Motion to Dismiss (Adversary Docket No. 11).

did not involve property of an estate and did not arise in or relate to an active bankruptcy case, and as such, subject matter over this Adversary Proceeding could not be properly invoked.

Jurisdiction was retained herein in exercise of the Court's discretion based on the importance of enforcing and vindicating the automatic stay as necessary irrespective of the pendency or dismissal of the Main Bankruptcy Case. *See* Order Staying Proceeding as to Freedom Mortgage and Rubin Lublin, at 9-10 (Adversary Docket No. 41). While the Appeal remained pending, the question of an alleged violation of the stay by the Movants in their efforts to dispossess the Debtor from his residence could not be conclusively addressed. Given the disposition of the Appeal, the ruling of Judge Ellis-Monro in the Validation Order that annulled the stay back to the petition filing date is final. Thus, the Amended Complaint fails to state a proper claim on the basis that the Movants violated the automatic stay as alleged, and so should now be dismissed as against them.

Accordingly, based on the above discussion, it is

**ORDERED** that the Motion to Resume Case is **GRANTED**; and, it is further

**ORDERED** that this Adversary Proceeding is **RESUMED** as to Movants Freedom Mortgage Corporation, Rubin Lublin, LLC, Najarian Capital, LLC, and Oksana Sepich; and, it is further

**ORDERED** that the Freedom Mortgage and Rubin Lublin Motion to Dismiss is **GRANTED**; and, it is further

**ORDERED** that the Najarian Capital and Sepich Motion to Dismiss is **GRANTED**; and finally, in view of the above rulings, it is further

**ORDERED** that the Amended Complaint is **DISMISSED** as against Freedom Mortgage Corporation, Rubin Lublin, LLC, Najarian Capital, LLC, and Oksana Sepich.

Based on the foregoing and a review of this Court's Docket, the Clerk is directed to close this Adversary Proceeding as to all parties as soon as practicable.

The Clerk is further directed to serve a copy of this Order upon the Debtor, counsel for the Movants, and upon all the Defendants using the addresses of their respective counsel who have appeared in this Adversary Proceeding.

**[END OF DOCUMENT]**